**Estate of Thomas C. WERBE, American Fletcher National Bank and Trust Company, Administrator, C.T.A., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 12682.**

United States Court of Appeals Seventh Circuit.

Dec. 30, 1959.

---

Lester M. Ponder, Richard E. Deer, Indianapolis, Ind., for appellant.

Charles K. Rice, Lee A. Jackson, Robert N. Anderson, John J. Pajak, Washington, D. C. (Don A. Tabbert, U. S. Atty., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., on the brief), for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff taxpayer sought to recover alleged overpayment of estate taxes in the amount of $6,755.60, plus the amount of estate tax attributable to the legal expense required in filing and prosecuting the refund suit. The latter sum in the amount of $501.93, with interest, was allowed in the District Court and is not involved in this appeal.

In filing its federal estate tax return, the administrator included, in its marital deduction claim, five insurance policies on the life of decedent as follows:

| Insurer | Policy No. | Value date of death |
|---|---|---|
| New England Mutual Life Insurance Co. | 164427 | $1,424.39 |
| " | 192327 | 5,703.76 |
| " | 324877 | 3,734.21 |
| " | 324878 | 2,241.33 |
| The Equitable Life Assurance Society of the United States | 2,229,104 | 3,323.30 |

On audit of the return, the Commissioner of Internal Revenue excluded the value of these policies in determining the amount of the marital deduction.

The sole question presented is: do the settlement provisions of these policies qualify the proceeds of these policies for the marital deduction.[1]

1. The pertinent sections of the Internal Revenue Code of 1939 include:

"§ 812. Net estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*    \*    \*    \*    \*

"(e) [As added by Sec. 361(a) of the Revenue Act of 1948, c. 168, 62 Stat. 110] *Bequests, etc., to surviving spouse.*

"(1) *Allowance of marital deduction.*

"(A) *In general.* An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) *Life estate or other terminable interest.* Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii)—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

\*    \*    \*    \*    \*

"(F) [as amended by the Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1668] *Life estate with power of appointment in surviving spouse.* In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as

The beneficiary clauses in the New England policies are identical and all read:

"Request is hereby made that policies Nos. 164427, 192327, 324877 and 324878 be made payable, in case of the decease of the Insured, and subject to any indebtedness to the Company thereon or secured thereby, in accordance with the following provisions; and any and all provisions for beneficiaries, for payment of the proceeds or for policy control inconsistent therewith are hereby revoked.

"A. The proceeds payable upon receipt of due proof of the death of the Insured will be applied under the following provisions:

"B. Cleo E. Werbe, wife of the insured, will be hereinafter referred to as said primary beneficiary. Thomas C. Werbe, Jr. and Richard H. Werbe, sons of the Insured, will be hereinafter referred to as said secondary beneficiaries. Interest payments under any Fourth Option, including shares of surplus interest shall be paid monthly, commencing, with respect to such an Option becoming operative upon the decease of the Insured, one month after such decease.

"C. The proceeds will be retained by the Company under the Fourth Option incorporated in the policy and interest payments made to said primary beneficiary if living, continuing, subject to the provisions hereinafter set forth, as long as said primary beneficiary shall live.

"1. While the Fourth Option is operative, the right shall be reserved to said primary beneficiary, if living, to make withdrawals from the amount remaining under the Fourth Option with the Company, in whole or in part; also to elect that the amount remaining under the Fourth Option with the Company be applied for said primary beneficiary's benefit, immediately at the time of election, but not otherwise, to any Option of either the Options of Payment incorporated in the policy or of the Contingent Options of Payment contained in this agreement, which-

passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

"(G) [as amended by Sec. 1 of the Joint Resolution of July 1, 1948, c. 789, 62 Stat. 1214] *Life insurance or annuity payments with power of appointment in surviving spouse.* In the case of an interest in property passing from the decedent consisting of proceeds under a life insurance, endowment, or annuity contract, if under the terms of the contract such proceeds are payable in installments or are held by the insurer subject to an agreement to pay interest thereon (whether the proceeds, upon the termination of any interest payments, are payable in a lump sum or in annual or more frequent installments), and such installment or interest payments are payable annually or at more frequent inter- vals, commencing not later than thirteen months after the decedent's death, and all amounts payable during the life of the surviving spouse are payable only to such spouse, and such spouse has the power to appoint all amounts payable under such contract (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), with no power in any other person to appoint to any person other than the surviving spouse any part of the amounts payable under such contract—

"(i) such proceeds shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of such proceeds shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall be applicable only if, under the terms of the contract, such power in the surviving spouse to appoint, whether exercisable by will or during life, is exercisable by such spouse alone and in all events." 26 U.S.C.A. § 812.

ever shall be in conformity with the limitations hereinafter set forth in the General Provisions, with such further withdrawal or commutation privilege as may be agreed upon between said primary beneficiary and the Company.

"D. In the event said primary beneficiary shall not survive the Insured or shall decease after the Insured and while any settlement above provided for is operative, any amount that may be due on the proceeds will be divided at the decease of the survivor of the Insured and said primary beneficiary into such number of equal shares, payable in the manner hereinafter provided, as there shall be said secondary beneficiaries then living, and then deceased of said secondary beneficiaries with issue then living."

General Provisions in these policies include the following:

"If, according to the above provisions, a payee would have any withdrawal right, commutation right, or right to elect a change of Option, the Company shall not be required to permit such right to be exercised after the decease of the Insured, except upon a payment date, and shall have the right to require ninety (90) days' notice in writing. The Company shall not be required to permit any payee to make more than four (4) partial withdrawals during any one contract year, nor to permit any partial withdrawal of an amount less than Fifty Dollars ($50). If by any withdrawals the balance retained for any payee would be reduced to less than One Thousand Dollars ($1,000), the Company shall have the right to pay such balance in one sum to the payee who would then be entitled to receive payments thereunder, in full discharge of all liability of the Company.

"Except as otherwise expressly provided in this agreement, no payee shall have any right to assign, alien-

ate, anticipate or commute any installments or payments, to make withdrawals of proceeds, or to make any change in the above provisions; and except as otherwise prescribed by law, no payment of interest or of principal shall be subject to the debts, contract or engagement of any payee, nor to any judicial process to levy upon or attach the same for the payment thereof."

The "Fourth Option" referred to in the beneficiary clause reads:

"Monthly interest payments at the rate of $2.06 for each One Thousand Dollars of the amount applied to this Option, commencing one month after this Option becomes operative and continuing during the life of the Payee, or such other period as may be mutually agreed upon with the Company. This interest is the equivalent of two and one-half per cent at the end of the year. At the decease of the Payee or at the end of the period agreed upon, the amount then retained, with any accrued interest, shall be paid in one sum, unless otherwise provided."

The pertinent portions of the Equitable beneficiary clause provide:

"1. Settlement of the net sum due under this policy by reason of the death of the Insured shall be made with the Insured's wife, Cleo Werbe, if living at the death of the Insured, as provided in paragraph 2, if not then living, the said sum becoming due shall be divided into the number of equal shares that will provide:

"One share for each of the Insured's sons, Thomas C. Werbe, Jr. and Richard H. Werbe who may be living at the death of the Insured and settlement of each such share shall be made with said respective child as provided in paragraph 3.

"One share for the then living children of each said son of the Insured who may not be living at the death of the Insured and each such share shall be paid in a single sum

in equal shares to said children of said deceased sons.

"Should the Insured's said wife, the Insured's said sons and the children of the Insured's said sons be not living at the death of the Insured, the said sum becoming due shall be paid in a single sum to the executors or administrators of the Insured.

"2. A. The amount becoming due to said wife under paragraph 1 shall be applied under Option 1 of the Modes of Settlement at Maturity of Policy with interest payable annually to said wife during her lifetime, except

"(1) On interest due date said wife may elect to withdraw all of the amount then held under Option 1 or any part thereof but no partial withdrawals may be made for less than One Hundred Dollars.

"4. Payment of any such withdrawable hereunder at the option of a beneficiary may be deferred by the Society for a period not exceeding six months after receipt of application therefor."

Option 1, mentioned in 2. A., above, reads:

"Deposit Option: Left on deposit with the Society at interest guaranteed at the rate of 3 per cent per annum, with such Excess Interest Dividend as may be apportioned."

The learned District Judge concluded that the surviving spouse had only a terminable interest in the proceeds of the policies within the meaning of Section 812(e) (1) (B) of the Code as the proceeds might, upon the occurrence of an event, ultimately pass from decedent to persons other than the surviving spouse for less than full consideration, and that the proceeds did not qualify for marital deduction under the exception set out in Section 812(e)(1)(G) because the surviving spouse's power of appointment over the proceeds was not exercisable in all events. This appeal followed.

Plaintiff contends that Mrs. Werbe, the surviving spouse, had the right to withdraw the entire proceeds of the New England policies at the death of the insured because the restrictive language applies not to withdrawal *at* death, but only to withdrawal *after* death.

The Director of Estate Planning Services for New England, with more than thirty years, experience in supervising settlement requests, testified that New England would have paid the entire proceeds promply on receipt of Mrs. Werbe's request therefor, if such request were received before or with proof of death; and that had she made such request and died prior to receipt of proof of death by New England, then New England would have paid the proceeds to Mrs. Werbe's personal representatives.

However, as the District Court found, the provisions of the policies before us are not ambiguous or contradictory. Additional explanatory parol evidence is unnecessary.

The New England policies provide that the proceeds are payable on receipt of proof of death. These proceeds are retained under the Fourth Option, *supra*, which becomes operative on decease of the insured. Interest payments to Mrs. Werbe begin one month after that, if she survives, and continue for her life. If Mrs. Werbe dies while the option is operative, amounts due on the proceeds go in equal shares to the insured's sons. Thus Mrs. Werbe's interest is terminable and, on occurrence of the stated contingency, it can pass to the sons for less than full consideration under Section 812(e) (1) (B). The exception provided in Section 812(e) (1) (G) is applicable only if, under the terms of the contract, Mrs. Werbe's power to appoint is exercisable by her alone and in all events.

The policy provides that the Fourth Option goes into effect on decease, not on receipt of proof of death. Mrs. Werbe may make withdrawals only while the Fourth Option is operative. She may make such withdrawals on interest payment dates, the first of which comes one month after decease. Thus Mrs. Werbe could not exercise her right "in all events."

Plaintiff relies on Kellar v. Kasper, D. C.S.Dak.1956, 138 F.Supp. 738; Steele v. United States, D.C.Mont.1956, 146 F. Supp. 316; and Smith v. United States, D.C.Colo.1957, 158 F.Supp. 344. These cases held that the devised property (under the terms of the respective wills involved) vested at death, under the respective state laws concerned (although each will conditioned inheritance on survival to the time of distribution) and therefore held that the property qualified for marital deduction. These are clearly distinguishable on facts from the case before us.

With respect to all five policies, plaintiff contends that the restrictions on withdrawal were solely for the administrative convenience of the insurers and did not prevent Mrs. Werbe's exercise of her rights "in all events". Plaintiff refers to Treasury Department Regulations 105, Section 81.47a(d) as follows:

"A contract which otherwise requires the insurer to make annual or more frequent payments to the surviving spouse following the decedent's death will not be disqualified merely because the surviving spouse must comply with certain formalities in order to obtain the first payment."

Plaintiff construes all of these as mere formalities: (1) the New England restriction of withdrawal to monthly interest payment dates; its right to require 90 days' written notice, to limit withdrawals to four annually, or to refuse partial withdrawals of less than $50; (2) Equitable's restriction of withdrawals to annual interest payment dates, to defer payment for six months after application of withdrawal, and to refuse partial withdrawals of less than $100.

Both New England's Director of Estate Planning Services and the President of Associates Life Insurance Company of Indianapolis, Indiana, testified that such provisions are commonly inserted into policies for convenience of insurers to minimize administrative expense; that they do not prevent the surviving spouse from having a power of appointment "in all events" at the moment of death.

As indicated, we are not here considering contradictory or ambiguous provisions which require explanation. It is possible that, as a practicable matter, Mrs. Werbe might have secured all the proceeds in certain circumstances. However, we cannot agree that she could have exercised her right "in all events." The possibility of disability is present and thus it is possible that the surviving spouse's power of appointment would not be exercisable "in all events". Starrett v. Commissioner, 1 Cir., 1955, 223 F.2d 163, 167. The decision of the District Court is affirmed.

Affirmed.