ESTATE OF BLANCHE T. FIEDLER, DECEASED, ALBERT C. FIEDLER, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3188–75.   Filed November 17, 1976.

*E. Thomas Schilling* and *William E. Taibl,* for the petitioner.

*Rodney J. Bartlett,* for the respondent.

### OPINION

SIMPSON, *Judge:* The Commissioner determined a deficiency in the Federal estate tax of the Estate of Blanche T. Fiedler in the amount of $2,486.14. Various issues have been settled; the only one remaining for decision is whether a certain life insurance policy meets the requirements of section 2056(b)(6) of the Internal Revenue Code of 1954[1] so that the proceeds thereof qualify for the marital deduction of section 2056(a).

All of the facts have been stipulated, and those facts are so found.

Albert C. Fiedler is the personal representative of the Estate of Blanche T. Fiedler. He filed a Federal estate tax return on behalf of the estate with the Internal Revenue Service Center, Kansas City, Mo. At the time the petition herein was filed, Mr. Fiedler's legal residence was in Milwaukee, Wis. The Estate of Blanche T. Fiedler will sometimes be referred to as the petitioner.

Blanche T. Fiedler (the decedent) died on August 8, 1971. At the time of her death, she owned and was the named insured in a $5,000 life insurance policy issued by Northwestern Mutual Life Insurance Co. The policy provided that the

---

[1] All statutory references are to the Internal Revenue Code of 1954.

insured could elect to have the proceeds paid in accordance with any of four settlement options set forth therein. However, if no election by the insured was in force when the policy became payable—

the Direct Beneficiary or Beneficiaries may make such election in lieu of payment in one sum and upon an election by the Direct Beneficiary or Beneficiaries the interest of any Contingent Beneficiary designated by the Insured shall terminate. The Direct Beneficiary or Beneficiaries may then, subject to change, designate a Contingent Beneficiary or Beneficiaries under the election so made.

The direct beneficiary was entitled to a lump-sum payment of the proceeds of the policy only if he survived to receive payment; otherwise, payment was to be made to the then-surviving contingent beneficiary or beneficiaries.

The first settlement option provided for the insurer to hold the proceeds and pay only interest thereon to the beneficiary. However, at any time the beneficiary had the right to withdraw any proceeds held by the insurer. Payments under this option were due monthly, commencing 1 month after the date of the insured's death or, if later, the date such option was selected.

Under the second option, the insurer agreed to pay the proceeds in monthly installments over a period to be selected, ranging from 1 to 30 years. The beneficiary had the right at any time to withdraw the commuted value of the unpaid installments. Payments under this option were due monthly, commencing as of the date of the insured's death or, if later, the date such option was selected.

The third option provided for the payment of an annuity to the beneficiary for his life, but payments were guaranteed for a minimum period of 10, 15, or 20 years, whichever period was selected. The amount of the annuity varied with the age and sex of the beneficiary. The beneficiary did not have the right to withdraw the commuted value of the benefits payable under this option. In the event of the beneficiary's death, only the unpaid guaranteed installments were payable. Installments under this option were to commence as of the date of the insured's death, or, if later, the date of the election of such option.

Under the fourth option, the insurer agreed to hold the whole or any portion of the proceeds, to credit the fund with a

specified minimum rate of interest, and to pay out such fund in monthly installments. The beneficiary had the right at any time to withdraw the remainder of the fund held under this option. The first installment was payable as of the date of the insured's death or, if later, the date of the election of such option.

On April 25, 1960, the decedent executed a document, entitled "Designation of Payees by Owner," in which she named her husband, Albert C. Fiedler, as direct beneficiary, and her son, Edgar R. Fiedler, as the contingent beneficiary. By virtue of the terms of such document, any settlement options which had previously been selected were revoked, and no selection of any other settlement option was made. The decedent also selected a marital deduction provision contained in such document, which was thereby considered to be a part of her life insurance policy. It provided in relevant part:

6. MARITAL DEDUCTION. Notwithstanding any provision of the policy and this form to the contrary, in the event the direct beneficiary is the spouse of the Insured and such direct beneficiary survives the Insured, said direct beneficiary shall have the right to revoke any designation of contingent beneficiaries and further payees; and thereupon said direct beneficiary shall have the power to appoint all amounts payable under the policy in favor of the executors or administrators of his or her estate. * * *

On March 19, 1973, Mr. Fiedler duly elected to receive payments under the first of the settlement options.

On the Federal estate tax return filed on behalf of the petitioner, the face amount of the insurance, $5,000, and the accrued and final dividends on the policy of $3,879.05 were included in the gross estate. Such amounts were also included in the marital deduction claimed by the estate, but were disallowed by the Commissioner in his notice of deficiency. In disallowing such amounts, the Commissioner determined they were nondeductible terminable interests under section 2056(b), and that the exceptions to the terminable interest rule contained in section 2056(b)(5) and (6) were not applicable.

In computing the value of an estate subject to the estate tax, section 2056(a) allows a deduction for an interest in property passing to a surviving spouse, but such deduction is not allowable if the interest is a terminable interest within

the meaning of section 2056(b)(1). However, section 2056(b)(6)[2] provides a specific exception to the terminable interest rule in the case of life insurance proceeds if five conditions are met. They are: (1) The proceeds, or a specific portion of the proceeds, must be held by the insurer subject to an agreement either to pay the entire proceeds or a specific portion thereof in installments, or to pay interest thereon, and all or a specific portion of the installments or interest payable during the life of the surviving spouse must be payable only to her; (2) the installments or interest payable to the surviving spouse must be payable annually, or more frequently, commencing not later than 13 months after the decedent's death; (3) the surviving spouse must have the power to appoint all or a specific portion of the amounts so held by the insurer to either herself or her estate; (4) the power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events; and (5) the amounts or the specific portion of the amounts payable under such contract must not be subject to a power in any other person to appoint any part thereof to any person other than the surviving spouse. Such conditions must be met as of the decedent's death. S. Rept. No. 1746,

---

[2] (6) LIFE INSURANCE OR ANNUITY PAYMENTS WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent consisting of proceeds under a life insurance, endowment, or annuity contract, if under the terms of the contract such proceeds are payable in installments or are held by the insurer subject to an agreement to pay interest thereon (whether the proceeds, on the termination of any interest payments, are payable in a lump sum or in annual or more frequent installments), and such installment or interest payments are payable annually or at more frequent intervals, commencing not later than 13 months after the decedent's death, and all amounts, or a specific portion of all such amounts, payable during the life of the surviving spouse are payable only to such spouse, and such spouse has the power to appoint all amounts, or such specific portion, payable under such contract (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), with no power in any other person to appoint such amounts to any person other than the surviving spouse—

    (A) such amounts shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

    (B) no part of such amounts shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if, under the terms of the contract, such power in the surviving spouse to appoint such amounts, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

80th Cong., 2d Sess. 2 (1948); sec. 20.2056(b)–6(c)(3), Estate Tax Regs.

Both parties agree that the interest passing to the surviving spouse by reason of the insurance policy was a terminable interest within the meaning of section 2056(b)(1), so that the dispute concerns whether the insurance policy satisfies the requirements of section 2056(b)(6). The Commissioner concedes that several of the requirements of section 2056(b)(6) are satisfied, but he maintains that three of them are not. The first objection is that as of the date of the decedent's death, the proceeds were not payable in installments, nor were they subject to an agreement to pay interest thereon. He contends that such an agreement did not come into existence until the direct beneficiary elected one of the settlement options. However, in our judgment, the Commissioner's interpretation is not required by the terms of the statute and would frustrate its policy.

The predecessor of section 2056 was enacted to treat, for estate tax purposes, a married couple living in a common law State in a manner somewhat similar to such a couple living in a community property State. H. Rept. No. 1274, 80th Cong., 2d Sess. (1948), 1948–1 C.B. 241, 260–261; S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), 1948–1 C.B. 285, 303–305. The couple is allowed to divide its noncommunity property, and only a portion of it is subjected to the estate tax on the death of one of the spouses, if the other portion is left to the surviving spouse. *United States v. Stapf,* 375 U.S. 118, 128 (1963). To qualify for such treatment, the surviving spouse need not be given complete ownership of the property, but she must become the "virtual owner" of it. See S. Rept. No. 1013 (Part 2), 80th Cong., 2d Sess. (1948), 1948–1 C.B. 331, 342. She must acquire the right to receive the income from the property or to have it paid in installments, and she must also have the right to control its ultimate disposition. Sec. 2056(b)(5) and (6). If she does possess those rights, she is the "virtual owner," and any portion of the property not consumed by her will be subject to taxation at her death. S. Rept. No. 1013 (Part 2), 1948–1 C.B. at 342, 343–344. When it is evident that a decedent has undertaken to make a disposition that will qualify for the marital deduction, and when the unconsumed property left to the surviving spouse will be taxable in her

estate, the Supreme Court has held that the statutory requirement should be construed liberally so as to qualify the transfer for the marital deduction. *Northeastern Pennsylvania Nat. Bank v. United States,* 387 U.S. 213 (1967); compare *Commissioner v. Estate of Bosch,* 387 U.S. 456 (1967).

When we consider the facts of this case in the light of those principles, we find a clear declaration by the decedent that she wished the transfer of the insurance proceeds to qualify for the marital deduction. We also find that as of the date of her death, the surviving spouse had an unfettered right to receive during his life the insurance proceeds in a manner to be selected by him. If he lived to the time of payment and took no action, he would receive the entire proceeds in a lump sum, but if he wished to have the proceeds paid to him in some other manner, he had the right to choose when to receive them. No one could interfere with his right to receive either the interest or the proceeds. Cf. secs. 20.2056(b)–5(f)(5), (7), and (8), and 20.2056(b)–6(d), Estate Tax Regs. The purpose of the agreement requirement of section 2056(b)(6) is to ensure that the surviving spouse will be entitled, as of the date of the decedent's death, to a life interest in the insurance proceeds. S. Rept. No. 1013 (Part 2), *supra,* 1948–1 C.B. at 344; S. Rept. No. 1746, *supra* at 1; cf. S. Rept. No. 1013 (Part 2), *supra,* 1948–1 C.B. at 342. Under the terms of the insurance policy herein, the surviving spouse had such a lifetime interest in the proceeds. Even though the surviving spouse had to live to the date of payment to be entitled to the proceeds, his interest is no different than the interest he would have had if the decedent had selected a settlement option before her death— in either event, the surviving spouse may be required to survive to the date of payment, as long as such date is within the period prescribed by section 2056(b)(6), and the life interest herein is as certain as if it were payable under an option selected by the decedent. When, as here, the insurer holds the proceeds subject to a choice by the surviving spouse of a settlement option, when each of the possible settlement options meets the requirements of section 2056(b)(6), when, as of the date of the death of the decedent, the only uncertainty is which option will be selected by the surviving spouse, and when the surviving spouse is the only person entitled to any portion of the proceeds during his life, we are convinced that

the purpose of the agreement requirement of section 2056(b)(6) has been satisfied.

Moreover, the adoption of the Commissioner's argument would have the effect that the settlement option would always have to be selected by the decedent; the choice could never be left to the surviving spouse. We see no reason for adopting such a restrictive interpretation of section 2056(b)(6). See *Northeastern Pennsylvania Nat. Bank v. United States, supra.* In light of the purposes of section 2056(b)(6), we see no objection in the circumstances of this case to allowing the surviving spouse to decide when and how he will receive the insurance proceeds.

A similar analysis disposes of the Commissioner's second argument for disqualifying the insurance proceeds under section 2056(b)(6). He contends that the proceeds here were not "payable" commencing within 13 months after the date of the decedent's death because the selection of a settlement option was not made within 13 months after such date. Again, we disagree. The surviving spouse was entitled to receive payment, at the latest, 1 month after the date of the decedent's death or after the selection of the settlement option. As long as the payment can begin within 13 months after the decedent's death, and the only person with any voice in that decision is the surviving spouse, the proceeds are "payable" within 13 months, and we so hold. Moreover, section 20.2056(b)–6(d), Estate Tax Regs., provides in part:

(d) *Payments of installments or interest.* The conditions in subparagraphs (1) and (2) of paragraph (a) of this section relative to the payments of installments or interest to the surviving spouse are satisfied if, under the terms of the contract, the spouse has the right exercisable annually (or more frequently) to require distribution to herself of installments of the proceeds or a specific portion thereof, as the case may be, and otherwise such proceeds or interest are to be accumulated and held by the insurer pursuant to the terms of the contract. * * *

Such regulations focus on whether the surviving spouse has the right to require payment with the frequency and within the time limits prescribed by the statute and do not require actual distribution within the prescribed periods. Thus, the Commissioner's interpretation of the term "payable" in his regulations under section 2056(b)(6) carries out the legislative intent, supports our conclusion herein, and undermines the position he is here espousing.

Finally, the Commissioner argues that Mr. Fiedler did not possess a power of appointment over the proceeds of the policy which was exercisable in "all events." The Commissioner reasons that the power of appointment contained in the marital deduction clause of the policy was not in existence as of the date of the decedent's death because, before the surviving spouse could exercise such power, he would have to revoke the designation of the contingent beneficiaries. In other words, the Commissioner contends that the revocation of the designation of contingent beneficiaries was a condition precedent to the existence of the power of appointment. We disagree.

In determining whether a power of appointment is exercisable in all events, paragraph (e)(1) of section 20.2056(b)–6 (relating to life insurance proceeds payable to a surviving spouse with a power of appointment), Estate Tax Regs., provides that the principles stated in section 20.2056(b)–5 (relating to a transfer of a life estate to a surviving spouse with a power of appointment) of such regulations are applicable. Paragraph (g)(4) of such section 20.2056(b)–5 provides in relevant part:

(4) The power in the surviving spouse is exercisable in all events only if it exists immediately following the decedent's death. * * * If the power is in existence at all times following the decedent's death, limitations of a formal nature will not disqualify an interest. Examples of formal limitations on a power exercisable during life are requirements that an exercise must be in a particular form, that it must be filed with a trustee during the spouse's life, that reasonable notice must be given, or that reasonable intervals must elapse between successive partial exercises. Examples of formal limitations on a power exercisable by will are that it must be exercised by a will executed by the surviving spouse after the decedent's death or that exercise must be by specific reference to the power.

In our opinion, the requirement that the surviving spouse must revoke the designation of the contingent beneficiaries is not a condition precedent but is merely a formal requirement designed for the convenience of the insurer. See Hilgedag, "The Use of New Options Allowed by Insurance Companies re the Marital Deduction and What Forms are Still Needed," 8th Ann. N.Y.U. Tax Inst. 338, 340–341, and n. 5 (1950); cf. *Estate of Charles R. Jennings,* 39 T.C. 417, 422 (1962); *Estate of John J. Cornwell,* 37 T.C. 688, 692–693 (1962); compare *Werbe's Estate v. United States,* 273 F.2d 201 (7th Cir. 1959). Such a

requirement is analogous to requiring the exercise of the power to be made on a particular form which, for the convenience of the insurer, sets forth in black and white that the interests of the contingent beneficiaries are terminated. An express revocation of the designation of the contingent beneficiaries would help to clarify the records of the insurer, but it appears not to be necessary for an effective exercise of the power of appointment.[3] If there is any ambiguity as to the effect of the revocation requirement, it is clear that the decedent intended for the transfer of the insurance proceeds to qualify for the marital deduction, and any ambiguity in the construction of the terms of the policy should be construed so as to accomplish that objective. See *Estate of Charles R. Jennings*, 39 T.C. at 421; 1 Couch, Insurance, sec. 15:73 (2d ed.); cf. *Estate of Mittleman v. Commissioner*, 522 F.2d 132 (D.C. Cir. 1975), revg. on other grounds a Memorandum Opinion of this Court. In any event, he had the complete power to decide what disposition should be made of the proceeds of the insurance policy, and at most, he was merely required to notify the contingent beneficiaries of his decision. Because the power given to the surviving spouse was exercisable in all events as of the date of the decedent's death, it follows that the proceeds would be includable in his estate, even if he had died before he had taken any action with respect to the policy. Under these circumstances, we are convinced that the provisions of the policy complied with the requirements of section 2056(b)(6) relating to a power of appointment.

The Commissioner's reliance on *Werbe's Estate v. United States, supra,* is misplaced, since that case is factually distinguishable from the one herein. In *Werbe's Estate,* the right to withdraw the proceeds was limited in a number of ways: withdrawals could only be made on specified dates; the

---

[3] The parties have provided no authorities interpreting such a provision of an insurance contract, and we have found none. Yet, it seems quite reasonable to assume that the exercise of the power of appointment ipso facto constitutes a power of revocation and that such an appointment would be honored under State law even without the formality of revoking the contingent beneficiaries. Support for such view is also furnished by the policy itself which provided, in par. 1(a) that an election of a settlement option terminated the interest of any contingent beneficiary. See also Lourie, "Insurance Under the Marital Deduction When Left Under the Various Optional Modes of Settlement," 7th Ann. N.Y.U. Tax Inst. 703, 711 (1949).

insurer could refuse partial withdrawals of less than specified amounts; and the insurer could defer the payment of withdrawals for a stated period of time. Here, there were no similar restrictions on the surviving spouse's ability to exercise the power of appointment. The requirement with respect to revocation of the designation of the contingent beneficiaries, as we have found, did not significantly interfere with his exercise of the power, and that requirement was in no way comparable to the restrictions placed on the right of the surviving spouse in the *Werbe* case.

*Decision will be entered for the petitioner.*