**SMALTZ v PRINDLE et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12763.   Decided May 15, 1933

McConnell, Blackmore, Cory and Griffith, Cleveland, for appellant.

Vickery, Duffey and Vickery, Cleveland, and S. M. Parks, Cleveland, for defendants.

## OPINION

By LIEGHLEY, PJ.

It is our opinion that the following cases are controlling:

Johnson v Johnson, 51 Oh St 446.

The Tax Commission of Ohio v Oswald, Exr., 109 Oh St 36.

The husband, Otis H. Prindle, took a life estate under this will with power to sell, with remainder over to the nephews of Jennie Prindle, deceased.

The proof establishes that this parcel of land involved was in fact the property of Jennie. She owned lots in Lexington, Ohio. Later she and her husband lived in Collinwood, where she held title to and owned a home in which they lived for a period of six or seven years. This home was sold prior to the erection of the two family house on the parcel of land described herein, which house was built about seventeen years prior to her death.

As stated, Otis H. Prindle conveyed this land and building to his wife Julia on the 7th of July, 1928, for ten dollars. Although the deed recites a consideration of ten dollars, the transfer was in fact a gift, with the apparent purpose of defeating the rights of the remaindermen, unless it can be shown that other substantial consideration was received by him for said deed of conveyance.

A life tenant by devise cannot defeat the vested rights of remaindermen by a deed of gift. He had power to sell for substantial consideration to supply his needs during life. Huston v Craighead, 23 Oh St 198; Posegate v South, 46 Oh St 391; Johnson v Johnson, supra; Tax Commission of Ohio v Oswald, Exr., supra.

But it is claimed by counsel for Julia Keyes Prindle that there was consideration outside of the deed. Julia testified that she invested seventy dollars for water, one hundred dollars for painting and papering and kept the place cleaned up and bought his clothes, and so forth. She claimed he did very little work.

On the contrary, the evidence establishes that he received eighteen dollars a month for the half of the house during his lifetime with her. He did a little work as gardner. He drew the interest regularly from the bank on the money which he inherited from Jennie at her death.

The bank records show that when Jennie died she had a personal account in the sum of $309.27 and a joint account with her husband in the sum of $1843.09. Her husband thereupon closed these two ac-

counts and combined the same in a new account on the 15th day of September, 1924, in the total sum of $2,152.36. There was no deposit to this account from the date it was opened to January 4th, 1929, of any consequence, when the balance in the account was $2107.26 evidencing the fact that Otis withdrew the earned interest regularly and about $150.00 more.

On January 4th, 1929, Julia and Otis had a joint account of $38.53 which she combined with the account of Otis H. Prindle after his death into a new account of Julia Prindle and her niece Nettie C. Steffens of $2115.79. The proof shows that the same money remained in the Society for Savings in these different accounts from the time of the death of Jennie to the time of the death of Otis H. Prindle. Julia received this money at his death so far as the record shows.

It is probably true that they lived during the three or four years of their lives together on the interest on this money, the rent of half the house and any sums that Julia earned during that period, but this does not furnish a consideration to convert this conveyance from a deed of gift to a valid transfer under the circumstances.

Much probative value was claimed for an old account book produced and offered in evidence in which certain items are recorded of cost of various materials that went into the construction of this house in 1907. Julia testifies that the entries are in the handwriting of Otis, her husband, but the same is unsigned and no purpose is expressed for recording these items in this book. If competent proof, which we do not hold, it establishes no fact. It is just as consistent to say that it was a record of their expenses, a record of the cost of the items set forth therein to them, as it is to claim that it records money advanced by him toward the construction.

Finally we hold that by this will Otis H. Prindle was devised a life estate with remainder over to the nephews of Jennie Prindle, deceased. Otis was given power of sale of these premises, but he could only sell for a substantial sum to provide for his needs and comfort. The reason he gave to the witness Kline about a year before his death that the nieces and nephews of Jennie Prindle would not get any of his property does not supply a valid consideration. The deed to Julia Keyes Prindle was executed for the purpose of defeating the rights of the remaindermen, the nephews of Jennie Prindle, deceased. The defendant Julia Prindle has failed to prove any

sufficient consideration for said transfer. It remains merely a deed of gift in legal effect.

A decree may be drawn for the relief prayed for in the amended petition in favor of the plaintiff and defendant nephews of Jennie Prindle, deceased, with exceptions.

LEVINE and McGILL, JJ, concur.