Windnagel et al., Appellants, v. Windnagel et al., Appellees.

(No. 5511—Decided April 8, 1957.)

*Mr. Noel L. Greenlee* and *Messrs. Marquart & Marquart,* for appellants.

*Messrs. Coughlin, Ogier & Lloyd,* for appellees.

Petree, P. J. This is an appeal on questions of law from the Common Pleas Court of Franklin County on the construction of a will. It was heard on the amended petition of plaintiffs-appellants, in which they sought partition of certain premises together with an accounting for the rents and profits on the same, and upon the amended answer of defendants-appellees, in which defendants in the lower court ask that their title be quieted in the property which plaintiffs had sought to have partitioned.

Gottlieb Windnagel executed a will on March 30, 1910, in which he made the following provisions:

"I t e m I.

"I give, devise and bequeath to my wife, Fredericka Windnagel all my estate, both personal, real and mixed, hereby authorizing and empowering her to sell and convey by proper instruments of conveyance, any and all personal property which I may leave, and to re-invest the proceeds thereof, and to change said investments from time to time in such manner and form as she may desire, and authorizing and empowering her to use and dispose of for her own welfare and benefit, and for such purposes as she may wish, all of said property both real, personal and mixed, without being required to account for said

property or the disposition of the same to any other person or persons, hereby giving and granting unto her as full and complete power and authority to control, manage and deal with my estate as I now personally possess.

"I t e m II.

"After the death of my said wife, Fredericka Windnagel, I give, devise and bequeath all of my said estate, and the proceeds thereof, which may be in the possession and under the control of my said wife at the time of her death, to my children, Emilie Marie Heinger (Heminger), John Leonard Windnagel, Fred Gottlieb Windnagel, Eugene Adolph Windnagel, and Herbert George Windnagel.

"If any of my said children shall have died before the death of my said wife, then I give, devise and bequeath the share which would have passed to said child to the heirs of said child. I direct that the sum of Fifteen Hundred—($1,500-) Dollars be decucted (deducted) from the share of my said daughter, Emilie Marie Heininger (Heminger), said sum having heretofore been paid to her as an advancement." (Parenthetical material added.)

The testator died on December 24, 1913, seized of the premises which are the subject of this action and also other property. At the time of the death of Gottlieb Windnagel, he left four children, John, Eugene, Emilie, and Fred (or Frederick G.), and a widow, Fredericka Windnagel, who later married one Heybach. Herbert, the other son mentioned in the will of Gottlieb Windnagel, died before the testator at the age of eleven, leaving no issue.

Fredericka Windnagel Heybach executed a deed (plaintiffs' exhibit 2) on December 31, 1936, to her son, John Windnagel, who was also the son of the testator and mentioned in Item 2 of his will. On the same date, the widow executed a deed to Eugene Windnagel (plaintiffs' exhibit 3), also mentioned in Item 2.

At the time that these deeds were executed, four children of the testator were living. One of these four, Frederick G. Windnagel, died in 1938, leaving the plaintiffs, Dale Glenn Windnagel and Emma Windnagel, his heirs at law. The deeds to John for lot 54, described in plaintiffs' exhibit 2, and to Eu-

gene for lots 2 and 3, described in plaintiffs' exhibit 3, reserved in the widow, Fredericka Windnagel Heybach, a life estate in the premises described therein and recited in each deed that "the fee to vest in the grantee absolutely after my death." Each deed provided no revenue stamps. The trial court in its findings of fact, No. 7, recites:

"7. The respective grantees, John Windnagel in the deed recorded in D. B. 1065, page 546, and Eugene C. Windnagel in D. B. 1065, page 547, paid the nominal consideratijon (consideration) recited in the deeds, of $1.00, to their mother, the grantor Fredericka Windnagel Heyback (Heybach), and no other consideration for said conveyances was paid or passed from the grantees to the grantor at the date of conveyance." (Parenthetical material added.)

An additional deed was made by testator's widow, Fredericka, to a daughter, Emilie Marie Heminger, for lot 1, which was owned by the testator at the time of his death, but in this deed the grantor, Fredericka, reserved a life estate and also imposed a charge thereon in the amount of $375 each to John Leonard Windnagel, Eugene G. Windnagel, and Fred G. Windnagel, her three other children living in 1936, the time the deeds were executed. Emilie Marie Heminger, widow, on April 2, 1942, quitclaimed any interest she had in the premises known as lot 54 to John Windnagel and lots 2 and 3 to Eugene Windnagel. The premises mentioned in the quitclaim deeds are the ones under consideration in this partition suit. The title of the defendants in this case depends upon the will of Gottlieb Windnagel, their father. Each of the defendants would get a one-fourth interest if they take under the will. Emilie is apparently satisfied with her quitclaim deeds and has not joined in this action. That leaves the one-fourth interest of Frederick G. Windnagel, deceased, which his child and widow claim in this action by virtue of the will. The defendants claim that they are the sole owners of the respective properties described in the deeds of Fredericka Windnagel Heybach, their mother.

On the question of what estate was given by the testator, Gottlieb Windnagel, to his widow and the four children living at the time of his death, we find some help in *Johnson* v. *Johnson*, 51 Ohio St., 446, 38 N. E., 61, the syllabus of which reads as follows:

"1. A testator, after providing for the payment of his debts, used the following language in his will: 'Second—I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the some (same) may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same amount the parent would be entitled to if living.' Held: That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, convey, exchange or dispose of the same as she might think proper for consumption in her life support, and that what remained at the time of her death, unconsumed in supporting her, belongs to the remaindermen designated in the will.

"2. The widow under this will was, by implication, a *quasi trustee* for those in remainder, and the interest of the brothers and sisters of the testator, in the unconsumed property, was a vested right which could not be destroyed by the act of the widow in disposing of the property by gift to a third party, or otherwise than for her support or the benefit of the estate.

"3. A third party acquiring said estate from her by gift or fraud, or by collusion with her, to the injury of the vested rights of those in remainder, and with knowledge of the will, holds the same, and the fruits thereof, as a trustee for the remaindermen, and liable as such trustee, to account to them in equity." (Parenthetical material added.)

That case is approved and followed in *Tax Commission* v. *Oswald, Exrx.*, 109 Ohio St., 36, 141 N. E., 678, where the language of the will is strikingly similar to the one made by Gottlieb Windnagel. In the opinion, beginning at the top of page 45, we find the following language:

"The following paragraphs from the opinion in the *Johnson case,* page 458, * * * are singularly applicable to the case at bar:

" 'The plain intention of the testator, as shown by the whole will, is, that the property is given to the widow to be by

her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power, to the purpose for which the property is given to her, that is, for her consumption.

" 'The devise over to his brothers and sisters and their children is of itself enough to show that the testator intended that his widow should use and consume the property only during her lifetime, and that he did not intend to empower her to dispose of the fee by gift during her life, nor by will at her death.

" 'This is clearly the intention of the testator, when effect is given to the whole will, and the intention should always govern. Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention of the testator, as gathered from the whole will, must control.' "

In *Smaltz* v. *Prindle*, 15 Ohio Law Abs., 145, the Court of Appeals for Cuyahoga County held in the first paragraph of the syllabus as follows:

"1. A will of a wife giving to her husband all of her property with full control to use as he sees best for himself and for his benefit, to sell or remove, with remainder over upon his death of any part of the estate left, conveys a life estate with power to sell for a substantial sum to provide for the husband's needs and comforts but does not give the life tenant power to convey without consideration so as to defeat the rights of the remaindermen."

In that case the consideration expressed in the deed was $10.

In *Huston* v. *Craighead*, 23 Ohio St., 198, in paragraph 1 of the syllabus, we find the following language:

"That the will does not give to the wife an absolute right to the personal property of the testator, nor a fee simple in his real estate, but gives her a life estate and life support, with the power to manage, sell, and dispose of the property in any manner that, in her judgment, will best promote her own welfare and benefit the estate; but she is not thereby authorized to dispose of the property by giving it to *some* of the children of the

testator, for the mere purpose of defeating his intention that *all* his children should share equally in the distribution of his estate.''

It would seem from the decisions above quoted that Fredericka Windnagel Heybach could not make a gift of the property to two of the testator's children and leave the other son, Fred G. Windnagel, to get nothing from the properties brought into question in this case; that she got a life estate coupled with the power to convey under proper circumstances and enjoy the fruits of the property herself; but that she could not prefer some of the children over the others. As we look at the entire will to gather the intention of the testator, we conclude that it was his intention to permit the widow to use a part or all of the property and to sell the estate and use the proceeds for her support; but after that purpose should be accomplished, he wanted all his children to share alike. Since there were four children living at the time of his death, the widow and son of one of these children, to wit, Frederick G. Windnagel, are entitled to partition and receive an accounting for the one-fourth interest to which Frederick G. Windnagel was entitled.

Since we conclude that the title was never legally conveyed in the instruments by which the defendants, John Windnagel and Eugene Windnagel, claim title, we find no difficulty in deciding that the plaintiffs are entitled to maintain this action in partition for the undivided one-fourth interest. This interest vested in the plaintiffs upon the death of Fredericka Windnagel Heybach on November 28, 1940, from which date plaintiffs are entitled to have a one-fourth interest in the property partitioned to them and an accounting from the defendants for their share of the rents and profits. This results from the fact that the widow, Fredericka, had not effectually exercised the power granted her under the will during her lifetime. In the case of *Eubank* v. *Smiley*, 130 Ind., 393, 29 N. E., 919, the court held that a surviving spouse was devised a life estate under the will of her husband with power of disposition during her life, with remainder to testator's heirs and that a purported conveyance by the life tenant of real estate included in the estate to a daughter for the *nominal sum of one dollar* was not operative against the remaindermen.

The judgment of the Common Pleas Court will be reversed and the cause remanded for further proceedings in accordance with this ruling.

*Judgment reversed.*

BRYANT and MILLER, JJ., concur.