**ESTATE of Thomas J. SEMMES, Deceased, Elaine P. Semmes, Executrix, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14271.

United States Court of Appeals Sixth Circuit.

April 13, 1961.

Harry W. Wellford, Memphis, Tenn. (W. Stuart McCloy and Harry W. Wellford, Memphis, Tenn., on the brief), for appellant.

John J. Pajak, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, and L. W. Post, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

The principal question in this case is whether a bequest of stock in trust to the decedent's wife as trustee, with the wife to receive the income for life with power to encroach upon the corpus "for her own benefit, at any time she sees fit," qualifies for the marital deduction provided by Section 2056 of the Internal Revenue Code of 1954 (Title 26 U.S.C.A. § 2056). To come within this provision the widow must not only be entitled to all the income, but must have, in addition, the power to appoint the corpus to herself as unqualified owner, or to appoint the corpus as a part of her estate, thus, in effect, being able to dispose of it to whomever she pleases. Treasury Regulations on Estate Taxes (1954 Code), Section 20.–2056(b)–5.

Appellant contends that the power granted her to encroach upon the prin-

cipal of the trust for her benefit at any time she saw fit made her the absolute owner of the stock, and was the equivalent of a fee simple estate under the law of Tennessee, where decedent and his wife resided and where this controversy arose. However, the will of the husband provided that upon the death of his wife, the trust property should be divided among their children. In its determination of the case, the Tax Court said that nothing in the will indicated an intention that the widow could at any time dispose of the property by gift, or appoint the corpus to herself as unqualified owner, and further pointed out that the intent expressly manifested by the testator in his will was that the property in question should go to the wife "to do with as she pleases" only if all of decedent's children and their issue had predeceased his wife. The Tax Court held that although the powers of encroachment were extensive, nevertheless, the bequest of the stock ownership in trust to the widow was not the equivalent of a fee simple estate under Tennessee law. The widow could not dispose of the property in question by gift, or by appointing the corpus to herself as unqualified owner, and hence the bequest of the stock in trust to her did not qualify for the marital deduction provided for by Section 2056 of the Internal Revenue Code of 1954 (26 U.S. C.A. § 2056.)

One further point remains for consideration. Appellant, who is residuary legatee, contends that the bequest of the stock ownership in trust should bear a proportionate share of the burden of the Tennessee inheritance taxes and other proper charges against the estate. However, under Tennessee law governing the question as to the impact of taxes, it is clear that the testator's intent is controlling and that the directions contained in his will are conclusive; and, in this case, the testator directed his executor to pay all his debts and taxes out of his estate before paying any legacy. Thus, according to the intent of the testator as evidenced by his will, he wished the legatee of the stock ownership to re-

ceive it without any reduction for taxes, and, accordingly, can be said to have clearly intended that the taxes were to be paid out of his residuary estate.

In accordance with the foregoing, the decision of the Tax Court, holding that the bequest of stock in trust did not qualify for the marital deduction, and denying allocation of taxes between the trust and the residuary estate, is affirmed upon the opinion of Judge Mulroney, 32 T.C. 1218.