ESTATE OF FRANCIS F. FIELD, DECEASED, MAXINE LOIS FIELD, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93624. Filed August 2, 1963.

*G. A. Piacentino*, for the petitioner.

*Conley G. Wilkerson* and *William I. Bubenzer*, for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency in estate tax against petitioner (estate of Francis F. Field) in the amount of $30,-

075.92. The only issue remaining for decision is whether the value of the property passing under Item II of Francis F. Field's will qualifies for the marital deduction under section 2056 of the Internal Revenue Code of 1954.

FINDINGS OF FACT

Francis F. Field (hereafter referred to as decedent) died testate on December 11, 1957, while a resident of Marion, Ohio. Decedent's Federal estate tax return was filed with the district director of internal revenue, Columbus, Ohio, on December 3, 1958.

The portions of decedent's will executed August 13, 1957, and the codicil thereto executed November 27, 1957, material to this proceeding provide as follows:

ITEM II. I give, devise and bequeath all the rest, residue and remainder of my property to Maxine Lois Field, as Trustee, who shall serve without bond, to hold the same in trust in accordance with the terms and conditions hereinafter provided, and to make available the net income therefrom to my wife, Lois McKelvy Field, during her lifetime, reserving however, unto my wife, the power to consume my entire estate for any purposes which she shall deem advisable.

In the event my wife does not exercise the within power one year after her death, the increment resulting from said trust and the corpus thereof, shall be distributed to my children, Maxine Lois Field, Gordon McK. Field and Francis Carl Field, as hereinafter set out.

\* \* \* \* \* \*

For the purposes of accomplishing the ends of the trust, my executrix, hereinafter named, or her successor, shall convey and transfer to the trustee the property hereinafter mentioned, and my trustee shall administer said property as follows:

1. I direct that my trustee shall take possession of and title to my real estate and all chattels, livestock, growing crops and personalty located thereon, which I may own at the time of my death, and said trustee is to continue the operation thereof for the benefit of my widow as above set out. My trustee shall have an unlimited discretion in operating said farms, subject however, to the powers vested in my wife, but I recommend that the herd of breeding stock on said farms at the time of my demise shall be maintained as much as practicable until the termination of the trust.

In the event my trustee deems it advisable to discontinue the operation of the farms, then the proceeds from the rental of said farms and the proceeds from the sale of all personalty located thereon, shall be invested as is directed in Paragraph 2 immediately following:

2. I direct that my trustee shall also take possession of and title to all other property and invest the same in securities of the United States Government which pay interest semi-annually or annually, rather than those securities of the United States Government which accrue interest.

3. I direct that my trustee open a checking account at the Marion County Bank, Marion, Ohio to be designated "Dr. Francis F. Field Trust Account", wherein all income and expenses from the operation of the farms and all other income and expenses attendant to the trust, be deposited and withdrawn. My trustee, Maxine Lois Field, and my wife, Lois McKelvy Field, shall severally have the

authority to withdraw funds by check as is consistent with this trust instrument. It being specifically understood, however, that my wife, in the event she deems it advisable, may withdraw all the funds deposited in said account.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

6. As heretofore directed, the trust herein mentioned is not to be terminated until one year after the demise of my wife, Lois McKelvy Field, and at that time, if my wife has not consumed my entire estate, I direct that the title to the real estate located in Deer Creek Township, County of Madison and State of Ohio, shall vest absolutely and in fee simple in my daughter, Maxine Lois Field, and she shall have the right, if she so elects, to purchase all chattels, livestock, growing crops and personal property located thereon, at a sum which is equal to the appraised value thereof, at the time of the death of my wife.

7. From the increment of the trust or the corpus remaining in the hands of my trustee one year after the death of my wife, if there be any, I direct that my trustee shall pay unto my son, Gordon McK. Field, the sum of Five Thousand Dollars ($5,000.00), to be his absolutely and in fee simple. If the said Gordon McK. Field shall not survive, or does not have issue of his body surviving, one year from the date of death of my wife, then this bequest shall be null and void.

The remainder of the trust estate resulting from the increment of this trust, if there be any after the aforementioned bequest to Gordon McK. Field or issue of his body, shall be divided equally per stirpes among my three children Gordon McK. Field, or issue of his body, Francis Carl Field and Maxine Lois Field.

The remainder of the corpus of the trust remaining in the hands of my trustee, I give, bequeath and devise to my sons, Gordon McK. Field and Francis Carl Field. In the event, however, my son, Gordon McK. Field shall not survive, or shall not leave issue of his body, then the share which is bequeathed to the said Gordon McK. Field is hereby bequeathed in equal proportions to Francis Carl Field and Maxine Lois Field.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

CODICIL OF LAST WILL AND TESTAMENT OF FRANCIS F. FIELD

WHEREAS, on the 13th day of August, 1957, I, Francis F. Field, did duly execute, publish and declare my Last Will and Testament, whereof Paragraph numbered 6 of Item II. reads as follows:

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

And, Whereas, I now desire to amend said Paragraph numbered 6 of ITEM II.;

Therefore, I do now and hereby amend said Paragraph numbered 6 of ITEM II. of my said Will, but confirm and re-publish each and every part of said Will except said Paragraph numbered 6 of ITEM II.; and do hereby make, publish and declare the following as and for Paragraph number 6 of ITEM II. of my Last Will and Testament, to-wit:

6. I direct that my daughter, Maxine Lois Field, shall have the right, if she so elects to purchase all chattels, livestock, and personal property located on a farm in Deer Creek Township, County of Madison and State of Ohio, formerly owned by me but presently in the name of the said Maxine Lois Field. The election above referred to shall accrue at the death of my beloved wife, Lois McKelvy Field, and the purchase price the said Maxine Lois Field shall pay in the event she elects to purchase shall be the appraisal of the property above referred to at the death of my wife.

Decedent's will and codicil were admitted to probate in the Probate Court of Marion County, Ohio, on December 31, 1957. Maxine Lois

Field (hereafter referred to as Maxine), decedent's daughter, was appointed executrix of decedent's estate on January 2, 1958. Subsequent to the administration of the estate and pursuant to Item II of decedent's will Maxine was appointed as testamentary trustee on June 12, 1958.

On April 9, 1958, Lois McKelvy Field (hereafter referred to as Lois), decedent's wife, filed an election in the Probate Court of Marion County to take under and pursuant to decedent's will.

On June 1, 1959, respondent, by letter, informed Maxine, as executrix and testamentary trustee under decedent's will, that the interest taken by Lois under the will did not qualify for the marital deduction under section 2056 as claimed on the estate tax return.

On September 15, 1959, Lois, pursuant to Ohio statutory authority, demanded in writing of Maxine, in her fiduciary capacity, that she commence an action for a construction of decedent's will with respect to the nature of the interest passing to her thereunder. On September 25, 1959, Maxine, in her fiduciary capacity, filed a petition in the Probate Court of Marion County, Ohio, alleging she was in doubt as to the true construction of decedent's will, especially the language in Item II, "granting to the beneficiary of the trust the power to consume the entire estate for any purposes which said beneficiary deems advisable," and requesting from the Probate Court direction and judgment with respect to the true construction of the will. The defendants named in the petition were Lois, and decedent's surviving children, Maxine, Gordon, and Francis. Lois, Maxine, and Gordon signed a written waiver of summons and a voluntary entry of appearance as defendants in the action. Jurisdiction over Francis, who lived in Nashville, Tenn., was invoked under the authority of Ohio Revised Code, section 2703.14, by service by publication. In response to a request that he sign a waiver of summons, Francis notified counsel for the testamentary trustee that he could not act until his company's legal staff had had an opportunity to study the case. None of the defendants filed an answer to the petition for construction of the will nor did they, personally or through counsel, participate in the proceedings resulting therefrom.

On or about March 14, 1960, counsel for the testamentary trustee filed with the Probate Court a proposed entry construing the will. The Probate Court judge who ultimately entered the Probate Court's decree construing the will, felt the proposed entry to be more in the nature of a trial brief because it contained references and citations to applicable law and was not in the proper form to be journalized as an entry of the Probate Court. He consequently returned the proposed entry to the testamentary trustee's counsel with the suggestion it be revised and filed in the form of a trial brief. Before doing so,

however, he reviewed it and some of the citations contained therein and noted thereon a number of suggested changes and corrections, some of which were of a substantive nature.

On April 12, 1960, counsel for the testamentary trustee filed in the Probate Court a trial brief which urged:

that it was the intention of the testator that the Defendant, Lois McKelvy Field, the surviving spouse of Francis F. Field, deceased, pursuant to Item II of the Last Will and Testament of said decedent has a life estate with a power to consume and dispose the trust estate; that said surviving spouse became entitled for life to all of the income from the trust estate; that such income is payable to the surviving spouse at her sole and absolute discretion at no less than annual intervals; and, that said surviving spouse has the unrestricted power exercisable at any time during her life—without accounting to any person whomsoever—to use all or any part of the trust property, and to dispose of or consume it in any manner, including the power to dispose of it by gift.

The construction urged in the trial brief was, with two exceptions, verbatim the construction set forth in the proposed entry previously filed. The two exceptions were in the phrases "life estate with a power to consume and dispose the trust estate" and "to dispose of or consume it in any manner" which in the proposed entry read "life estate with a power of disposal annexed thereto" and "to dispose of it in any manner," respectively. The change in the language of the first phrase set forth above was suggested by the Probate Court judge during his review of the proposed entry.

On April 12, 1960, the Probate Court made an "Entry Construing Will" the pertinent parts of which provided:

The Court coming now to the question presented by the Petition for Construction relating to the power to consume the entire estate for any purposes which vested in the surviving spouse, Lois McKelvy Field, finds that the testator created a life estate for his surviving spouse with a power of consumption and disposal annexed thereto.

It is Therefore, considered by the Court that it was the intention of the testator that the Defendant, Lois McKelvy Field, the surviving spouse of Francis F. Field, deceased, pursuant to Item II of the Last Will and Testament of said decedent has a life estate with a power to consume and dispose the trust estate; that said surviving spouse became entitled for life to all of the income from the trust estate; that such income is payable to the surviving spouse at her sole and absolute discretion at no less than annual intervals; and, that said surviving spouse has the unrestricted power exercisable at any time during her life—without accounting to any person whomsoever—to use all or any part of the trust property, and to dispose of or consume it in any manner, including the power to dispose of it by gift.

Lois had two children of a marriage prior to her marriage to decedent.

### OPINION

The narrow issue for decision is whether Lois' "power," under Item II of decedent's will, "to consume my entire estate for any purposes

which she shall deem advisable" constitutes a power of appointment within the meaning of subsection (b)(5) of section 2056 [1] so as to qualify the value of the property passing under that item of the will for the marital deduction. The issue arises from respondent's determination that the value of the property passing under this item of decedent's will did not qualify for the marital deduction on the ground the interest in that property which Lois acquired was a "terminable interest" within the meaning of subsection (b)(1) of that section. It is petitioner's contention that Lois acquired a life estate with power of appointment, within the meaning of subsection (b)(5), and therefore the general rule regarding "terminable interests" as set forth in subsection (b)(1) is not applicable here. Respondent does not deny that Lois acquired a life estate, within the meaning of subsection (b)(5), in the property passing under Item II, but he does contest petitioner's assertion that she also acquired a power of appointment within the meaning of that subsection.

The nature of Lois' interest in the property passing under Item II of the will is determined by the law of Ohio. *Morgan* v. *Commis-*

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATIONS IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

\*   \*   \*   \*   \*   \*   \*

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

*sioner*, 309 U.S. 78 (1940); *Estate of Elwood Comer*, 31 T.C. 1193 (1959).

On April 12, 1960, pursuant to a petition filed by Maxine, as testamentary trustee, requesting a construction of decedent's will, especially as to the nature of Lois' interests in the property passing under Item II, the Probate Court of Marion County, Ohio, made an "Entry Construing Will" which found that Lois had a life estate in the trust with "the unrestricted power exercisable at any time during her life—without accounting to any person whomsoever—to use all or any part of the trust property, and to dispose of or consume it in any manner, including the power to dispose of it by gift." It is repondent's contention that the decree of the Probate Court does not correctly reflect the law of Ohio and that the decree of the Probate Court, being in the nature of a consent decree entered in a nonadversary proceeding, is not binding on this Court. Petitioner contends that the Probate Court's decree should be given conclusive effect as to the nature of the interest which passed to Lois. It further contends, however, regardless of what effect the Probate Court's decree is given, that under Ohio law Lois acquired a life estate with power of appointment within the meaning of subsection (b) (5).

Although we have some reservations as to whether, under Ohio law, this will gave Lois powers to dispose of the trust property to the extent stated in the decree of the Probate Court, which we note is in precisely the same language as contained in the last sentence of section 20.2056(b)–5(g) (3), Estate Tax Regs., we find it unnecessary to go into the question of what effect should be given to the Probate Court's decree in this case, because even assuming, *arguendo*, that Lois had the powers described in that decree, we do not think she had a power of appointment within the meaning of subsection (b) (5).

In order for an interest in property passing from a decedent to his surviving spouse, otherwise subject to the general rule applicable to terminable interests set forth in section 2056(b), to be excepted from that general rule under subsection (b)(5) it is necessary that the surviving spouse have the power "to appoint the entire interest, or such specific portion (*exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others*)" (emphasis added) and such power must be "exercisable by such spouse alone and in all events." Sec. 2056(b) (5). We find no language in Item II of decedent's will which expressly or impliedly gives Lois the power to appoint the entire interest, or any specific portion thereof, in the property passing thereunder to herself free of trust, or to her estate; nor, do we find any such power in the decree of the Probate Court. Such a power would in our opinion be contrary to the dece-

dent's intention as manifested in the will as a whole, which in Ohio courts is the paramount consideration in the construction of a will, all other rules of construction yielding thereto. *Johnson* v. *Johnson*, 51 Ohio St. 446, 38 N.E. 61 (1894) ; *Findley* v. *Conneaut*, 145 Ohio St. 480, 62 N.E. 2d 318 (1945) ; 41 Ohio Jur., Wills, sec. 467.

We think it clear that decedent intended Lois to have very broad powers to use and consume the trust property, and, perhaps, even to give it away, during her lifetime. We think it equally clear, however, from the elaborate instructions for distribution of the trust property after her death, that decedent intended the trust property which Lois did not consume during her lifetime be distributed to his children according to those instructions. We do not think he anticipated or intended that Lois have the power to short circuit that intention by appointing the entire trust property to herself free of trust, so that any unconsumed portion would pass through her probate estate. In our opinion, the decedent's recommendation that the herd of breeding stock on the farms passing under Item II be maintained as much as practicable until the termination of the trust, and his instructions regarding the chattels, livestock, and personal property located on the farm in Deer Creek Township clearly negate any such intention.

Lois' inability to appoint the entire trust property to herself or to her estate requires us to hold that the interest passing under Item II of decedent's will does not qualify for the marital deduction under the exception to the general rule applicable to terminable interests provided in section 2056(b) (5) and that the value of the property passing under that item of decedent's will does not qualify for the marital deduction. Sec. 2056(b) ; *May's Estate* v. *Commissioner*, 283 F. 2d 853 (C.A. 2, 1960), affirming 32 T.C. 386 (1959), certiorari denied 366 U.S. 903 (1961) ; see *Pipe's Estate* v. *Commissioner*, 241 F. 2d 210 (C.A. 2, 1957), affirming 23 T.C. 99 (1954), certiorari denied 355 U.S. 814 (1957) ; *Semmes* v. *Commissioner*, 288 F. 2d 664 (C.A. 6, 1961), affirming per curiam 32 T.C. 1218 (1959) ; *Piatt* v. *Gray*, 321 F. 2d 79 (C.A. 6, 1963).

*Hoffman* v. *McGinnes*, 277 F. 2d 598 (C.A. 3, 1960), and *Stallworth's Estate* v. *Commissioner*, 260 F. 2d 760 (C.A. 5, 1958), reversing and remanding on rehearing a Memorandum Opinion of this Court, which petitioner relies on, are both distinguishable on their facts from this case. In both of those cases the wills under scrutiny contained language which expressly manifested an intent on the part of the testator that the surviving spouses have the power to appoint all or a specific portion of the trust property to themselves free and clear of any trust.

We are not unmindful of the fact that the decree of the Probate Court construed the will to give Lois the unrestricted power to dis-

pose of the trust property in any manner, "including the power to dispose of it by gift," and that there is some inference from language in the opinions in decided cases and the language in the last sentence of section 20.2056(b)-5(g)(3), Estate Tax Regs., that the inclusion of the power to dispose of the trust corpus by gift raises an otherwise limited power of invasion to an unlimited power to invade and thus qualifies the spouse's interest as a life estate with power of appointment under section 2056(b)(5) of the Code. We have found no cases which so hold and we think the language used in the regulations pertains only to whether a power of invasion is exercisable "in all events." While a power to dispose of by gift may be a prerequisite to qualify a power of appointment as one exercisable by the spouse "in all events," it does not follow that the power to dispose of trust corpus in any manner, including the power to dispose of it by gift, necessarily qualifies the spouse's interest as a life estate with power of appointment within the meaning of the statute. Under the language of the statute and section 20.2056(b)-5(g)(1), Estate Tax Regs., the interest of the spouse does not qualify for the marital deduction unless the spouse has the power to appoint the trust corpus to herself during her lifetime or to her estate at her death free of the trust. We do not find that either the will of the decedent in this case, as construed under Ohio law, or the decree of the Probate Court goes that far.

To reflect other adjustments agreed to by the parties,

*Decision will be entered under Rule 50.*