ESTATE OF HELEN LONGSWORTH SMITH, METROPOLITAN BANK OF LIMA, OHIO, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18290–80.     Filed December 2, 1982.

*Oren E. Dickason*, for the petitioner.
*Genevieve K. Murtaugh*, for the respondent.

---

OPINION

NIMS, *Judge*: Respondent determined a deficiency in petitioner's estate taxes of $14,736.14. The only issue for determination is whether a bequest to decedent's husband is entitled to a section 2056[1] marital deduction.

All of the facts have been stipulated and are found accordingly.

Helen Longsworth Smith died on January 3, 1978. Metropolitan Bank of Lima, Ohio, is the executor of her estate. The executor maintained its principal office in Lima, Ohio, when it filed the petition in this case.

Helen Longsworth Smith's last will and testament was executed on May 29, 1975. The will directed that decedent's debts and taxes be paid out of her estate. It further devised decedent's tangible personal property to specified individuals. The residue of decedent's estate was devised pursuant to the following provision:

> All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever situated, that I may own at the time of my decease, I give, devise and bequeath to THE METROPOLITAN BANK OF LIMA, OHIO, as TRUSTEE, under an existing Trust Agreement heretofore entered into by me as Grantor and The Metropolitan Bank of Lima, Ohio, as Trustee on May 29, 1975.
>
> In making this disposition of my residuary estate, it is not my intention or desire to incorporate said Trust Agreement into this my Last Will and Testament, and the receipt of the Trustee for the property devised and bequeathed to it under this Item shall constitute a complete release and acquittal of my Executors and shall discharge my Executors from any further liability or accountability therefor.

Attached to the May 29, 1975, trust agreement was a schedule which included the following provisions which are relevant to the marital deduction issue:

> THIRD: If the Grantor is survived by her husband, Morris H. Smith, the Trustee shall pay over the net income from the trust estate to said husband in quarter annual or more frequent installments during the remainder of his natural lifetime. In addition to the distributions of income, the Trustee at any time and from time to time is fully authorized to make such payment to said husband from the principal of the Truste [sic] estate as he may request and should all of the trust estate be withdrawn, this trust shall terminate.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

Should the Grantor's husband become mentally or physically incapacitated as certified to the Trustee by his personal physician in writing, the Trustee is authorized to expend the income and so much of the principal of the trust estate as the Trustee in its sole discretion shall deem advisable for the comfortable maintenance and support of the Grantor's husband during such disability,

FOURTH: Upon the death of the survivor of the Grantor and her husband, Morris H. Smith, the Trustee shall pay over and distribute as follows: [List of gifts omitted.]

On May 19, 1977, decedent modified article Fourth of the trust agreement to read as follows:

FOURTH: Should the Grantor's husband, Morris H. Smith, be not living at the time of the Grantor's death, then the Trustee shall pay over and distribute as follows: [List of gifts omitted.]

Decedent also added the following provision to the trust agreement on May 19, 1977:

12. It is the intention of the Grantor that her husband, if he survives her, shall have the entire principal and income of the trust available to him without limitations of any kind and understands that her estate will not be entitled to a charitable deduction for federal estate tax purposes. It is further the intention of the Grantor that to the extent any property in this trust will be included in the gross estate of her husband for federal estate tax purposes that such property will qualify for charitable deduction purposes in the federal estate tax proceeding in his estate.

On the estate tax return, petitioner deducted the amount of the bequest to the trust as a marital deduction. Respondent disallowed this deduction.

Section 2056(a) allows a deduction for bequests to surviving spouses. However, section 2056(b) prevents a marital deduction for gifts of terminable interests. Section 2056(b)(1) provides:

SEC. 2056(b). LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

But section 2056(b) provides an exception to the exception, as follows:

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving

spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

The parties agree that the bequest through the trust gave decedent's husband a terminable interest in property. The issue is whether the husband's power of appointment over the property satisfies the requirements for deductibility contained in section 2056(b)(5).

In his brief, respondent presented his arguments for disallowing the marital deduction as follows:

1. Under Ohio law the decedent's husband received a life estate with the power to consume the principal, but without a general power of appointment, because the trustee is authorized but not required to make payments of the principal to the decedent's husband upon his request; and because the decedent's husband is not specifically given the power to make gifts of the principal.

2. Since any power which the decedent's spouse has to appoint the principal of the trust to himself terminates if he becomes physically or mentally incapacitated, such power is not exercisable in all events.

We will address these arguments individually.

### Nature of the Power of Appointment

Respondent argues that the husband's power of appointment does not satisfy the requirements of section 2056(b)(5). Section 2056(b)(5) requires that the surviving spouse receive an unlimited power to appoint the underlying property to himself or to his estate. *Estate of Field v. Commissioner*, 40 T.C. 802 (1963). Neither the Code nor the section 2056 regulations contain a requirement that the decedent give the

surviving spouse an explicit power to make gifts of the underlying property. Of course, an unlimited power to appoint to himself or to his estate implies that the surviving spouse may appoint to himself or to his estate for the purpose of subsequently giving the property away. Accordingly, we will interpret respondent's first argument as claiming that decedent's husband did not have an unlimited power to appoint the trust principal to himself or to his estate for any purpose he chose.

Ohio law determines the nature of the husband's interest in the property passing under the bequest. *Morgan v. Commissioner*, 309 U.S. 78 (1940); *Estate of Field v. Commissioner*, supra at 807. If a decedent gives a beneficiary a life estate with an unlimited power to dispose of the underlying property and provides an alternative disposition to remaindermen in case the life tenant does not exercise his power, then Ohio law concludes that the life tenant may dispose of the underlying property to anyone for any purpose without incurring liability to the remaindermen. *Bodmann German Protestant Widows' Home v. Lippardt*, 70 Ohio St. 261, 71 N.E. 770 (1904). Thus, a life tenant with an unlimited power of appointment may appoint the property to himself for any purpose, including the purpose of subsequently giving the property away. Accordingly, such an unlimited power of appointment under Ohio law would satisfy the section 2056(b)(5) requirements.

But if a decedent gives a beneficiary a life estate with only limited powers to dispose of the underlying property, and if the decedent provides an alternate disposition to remaindermen in case the life tenant does not exercise his powers, then the life tenant will incur a liability to the remaindermen if he transfers the underlying property in a manner inconsistent with his limited power of appointment. *Johnson v. Johnson*, 51 Ohio St. 446, 38 N.E. 61 (1894). See *Tax Commission of Ohio v. Oswald*, 109 Ohio St. 36, 141 N.E. 678 (1923) (analyzing and applying the distinction between unlimited powers of appointment and limited powers of appointment). Such limited powers of appointment do not satisfy the section 2056(b)(5) requirements. *Estate of Field v. Commissioner, supra.*

Ohio law's paramount consideration in deciding whether or not a life tenant received an unlimited power of appointment is a determination of the decedent's intent as manifested in

the bequest as a whole. *Johnson v. Johnson, supra*; *Estate of Field v. Commissioner, supra,* 40 T.C. at 809. Viewing the bequest in this case as a whole, three items convince us that the decedent intended to give her husband an unlimited power of appointment: (1) The clear language which established an unlimited power of disposition; (2) the changes made in the trust instrument to clarify the unlimited nature of the surviving spouse's power of disposition; and (3) the lack of an alternate disposition to remaindermen in case the surviving spouse failed to use his power of appointment.

The language of the bequest indicates that the decedent wanted to give her husband an unlimited power to dispose of the trust principal in any way he desired. The trust instrument said: "In addition to the distributions of income, the Trustee at any time and from time to time is fully authorized to make such payment to said husband from the principal of the trust estate as he may request and should all of the trust estate be withdrawn, this trust shall terminate." Later in the trust instrument, the decedent emphasized: "It is the intention of the Grantor that her husband, if he survives her, shall have the entire principal and income of the trust available to him without limitations of any kind and understands that her estate will not be entitled to a charitable deduction for federal estate tax purposes."

This language clearly states decedent's desire that her husband have an unlimited power to dispose of the trust principal in any way he pleased. The fact that the second clause just quoted was added to the original trust instrument strengthens our conclusion because it indicates that the decedent wanted to clarify in the bequest that she wanted to give her husband an unlimited power of appointment.

In addition, decedent's failure to establish remaindermen to whom the trust principal would go if her husband died without exercising his power of appointment indicates that decedent's testamentary intent would not be foiled if her husband appointed all the principal to himself and then gave all the property away. The fact that the decedent removed the original bequest to remaindermen which existed in the first draft of the trust instrument further strengthens our conclusions that decedent wanted to give her husband an unlimited power of appointment because this change implies that she

wanted her husband, instead of herself, to give the property away.

Based on these facts, we conclude that the surviving spouse had an unlimited power of appointment under Ohio law which entitles petitioner to a section 2056(b)(5) marital deduction.

Respondent, however, highlights the language in the trust instrument which *authorizes* the trustee to pay out principal to the husband on his request. Respondent argues that the husband did not have an unlimited power of appointment under Ohio law because this provision of the trust instrument did not *require* the trustee to pay out principal on demand.

We disagree with respondent's conclusion because the trust instrument also states that "It is the intention of the Grantor that her husband, if he survives her, shall have the entire principal and income of the trust available to him without limitations of any kind." Based on all the facts, we are convinced that decedent wanted her husband to have the power to compel distribution of the trust principal anytime he wanted, for any purpose he wanted. Accordingly, we conclude that under Ohio law he had an unlimited power of appointment.

Respondent also cites several cases, including *Estate of Field v. Commissioner*, 40 T.C. 802 (1963); *Tax Commission of Ohio v. Oswald*, 109 Ohio St. 36, 141 N.E. 678 (1923); *Johnson v. Johnson*, 51 Ohio St. 446, 38 N.E. 61 (1894): and *Windnagel v. Windnagel*, 104 Ohio App. 22, 146 N.E.2d 457 (Franklin County 1957), to support his argument that decedent's husband did not have an unlimited power of appointment over the trust principal. We think that' the cases cited by respondent are quite different from this case, and thus, do not support respondent's position.

For example, in *Estate of Field v. Commissioner, supra,* we considered the following bequest:

ITEM II. I give, devise and bequeath all the rest, residue and remainder of my property to Maxine Lois Field, as Trustee, who shall serve without bond, to hold the same in trust in accordance with the terms and conditions hereinafter provided, and to make available the net income therefrom to my wife, Lois McKelvy Field, during her lifetime, reserving however, unto my wife, the power to consume my entire estate for any purposes which she shall deem advisable.

In the event my wife does not exercise the within power one year after her death, the increment resulting from said trust and the corpus thereof, shall

be distributed to my children, Maxine Lois Field, Gordon McK. Field and Francis Carl Field, as hereinafter set out. [40 T.C. at 803.]

The question in that case, as in this case, was whether the surviving spouse's power of appointment satisfied the requirements of section 2056(b)(5). In deciding that the surviving spouse in *Estate of Field* did not have the requisite power we stated:

We find no language in Item II of decedent's will which expressly or impliedly gives Lois the power to appoint the entire interest, or any specific portion thereof, in the property passing thereunder to herself free of trust, or to her estate; nor, do we find any such power in the decree of the Probate Court. Such a power would in our opinion be contrary to the decedent's intention as manifested in the will as a whole, which in Ohio courts is the paramount consideration in the construction of a will, all other rules of construction yielding thereto. *Johnson v. Johnson*, 51 Ohio St. 446, 38 N.E. 61 (1894); *Findley v. Conneaut*, 145 Ohio St. 480, 62 N.E.2d 318 (1945); 41 Ohio Jur., Wills, sec. 467.

We think it clear that decedent intended Lois to have very broad powers to use and consume the trust property, and, perhaps, even to give it away, during her lifetime. We think it equally clear, however, from the elaborate instructions for distribution of the trust property after her death, that decedent intended the trust property which Lois did not consume during her lifetime be distributed to his children according to those instructions. We do not think he anticipated or intended that Lois have the power to short circuit that intention by appointing the entire trust property to herself free of trust, so that any unconsumed portion would pass through her probate estate. In our opinion, the decedent's recommendation that the herd of breeding stock on the farms passing under Item II be maintained as much as practicable until the termination of the trust, and his instructions regarding the chattels, livestock, and personal property located on the farm in Deer Creek Township clearly negate any such intention. [40 T.C. at 808–809.]

This case is very different from *Estate of Field v. Commissioner, supra*. In *Estate of Field*, the decedent gave his wife the power to appoint the trust principal only to satisfy her consumption requirements. Ohio law holds that the power to consume is a limited power which imposes on its holder the duty to conserve the underlying property after the holder's consumption requirements are satisfied. *Johnson v. Johnson, supra*. In this circumstance, we held in *Estate of Field* that the surviving spouse did not have the power to appoint the entire interest to herself or her estate, as required by section 2056(b)(5).

In this case, by contrast, there is no limitation on the purpose for which the husband could appoint the trust

principal. Accordingly, our conclusion in *Estate of Field* does not bind us here because the facts in this case indicate that the surviving spouse had the power to appoint the entire trust principal to himself or to his estate.

Also in *Estate of Field*, we emphasized that we did not think that the decedent—

anticipated or intended that Lois have the power to short circuit [decedent's] intention [that the trust property which was not consumed by Lois be distributed to his children] by appointing the entire trust property to herself free of trust, so that any unconsumed portion would pass through her probate estate. * * * [40 T.C. at 809.]

In this case, by contrast, the decedent provided no remaindermen to whom the trust principal would go if decedent's husband failed to exercise his power of appointment. Also, in this case, decedent explicitly provided that "should all of the trust estate be withdrawn, this trust shall terminate." Granted, it could be argued that decedent's action in removing contingent remaindermen from article Fourth if her husband survived her was itself an election to have any remainder go to decedent's heirs at law absent termination, but we do not see anything within the four corners of the trust agreement which even remotely suggests that decedent had this in mind. We think that these facts distinguish *Estate of Field* because, in this case, the husband's exercise of an unlimited power of appointment was not contrary to the decedent's intent. Instead, based on all the facts in this case, we think that decedent intended to pass such an unlimited power to her husband.

The other cases cited by respondent are distinguishable on similar grounds because they also involve the bequest of a limited power of appointment with gifts over to remaindermen. We think that this case is governed by *Bodmann German Protestant Widows' Home v. Lippardt*, 70 Ohio St. 261, 71 N.E. 770 (1904), which we discussed earlier, instead of by the cases cited by respondent because the bequest in this case gives an unlimited power of appointment. Accordingly, we hold that the surviving spouse in this case had a power of appointment which satisfies the requirements of section 2056(b)(5).

### Exercisable Alone and in All Events

Respondent also argues that petitioner is not entitled to the

marital deduction because the surviving spouse's power to appoint the trust principal was not exercisable alone and in all events as required by section 2056(b)(5). Respondent bases his argument on the following provision of the trust instrument:

Should the Grantor's husband become mentally or physically incapacitated as certified to the Trustee by his personal physician in writing, the Trustee is authorized to expend the income and so much of the principal of the trust estate as the Trustee in its sole discretion shall deem advisable for the comfortable maintenance and support of the Grantor's husband during such disability.

We do not think that this clause makes the surviving spouse's power not exercisable alone and in all events. The surviving spouse's unlimited power to dispose of the trust principal is not limited in any way by this provision. His power does not terminate upon his incapacity, he does not need the trustee's permission to appoint the property, and the trustee can only give property to the surviving spouse. Thus, the trustee's power merely provides a consistent addition to the husband's power.

Also, this type of power in the trustee is explicitly sanctioned by section 20.2056(b)–5(j), Estate Tax Regs., which provides:

(j) *Existence of a power in another.* Paragraph (a)(5) of this section provides that a transfer described in paragraph (a) is nondeductible to the extent that the decedent created a power in the trustee or in any other person to appoint a part of the interest to any person other than the surviving spouse. However, only powers in other persons which are in opposition to that of the surviving spouse will cause a portion of the interest to fail to satisfy the condition set forth in paragraph (a)(5) of this section. Thus, a power in a trustee to distribute corpus to or for the benefit of a surviving spouse will not disqualify the trust. Similarly, a power to distribute corpus to the spouse for the support of minor children will not disqualify the trust if she is legally obligated to support such children. The application of this paragraph may be illustrated by the following examples: [Examples omitted.]

We conclude that the trustee's power does not preclude the marital deduction because it is consistent with the Code and the underlying regulations.

Respondent cites *Starrett v. Commissioner*, 223 F.2d 163 (1st Cir. 1955), affg. *Estate of Tingley v. Commissioner*, 22 T.C. 402 (1954), as support for his argument. We do not think that *Starrett* helps respondent in this case. In *Starrett*, the surviv-

ing spouse was to be paid trust income and had absolute power to compel distribution of trust principal. The bequest, however, qualified the surviving spouse's power in the following way:

provided that such right of my wife to call for the transfer or conveyance to her of any part or parts or the whole of the principal of said first share shall cease in case of her legal incapacity from any cause or upon the appointment of a guardian, conservator, or other custodian of her person or estate; and in the event of such legal incapacity, or appointment of any guardian, conservator or other custodian of her person or estate, my said wife or her guardian, conservator or other custodian shall cease to have any further right to the payment to her or such representative of any specified sum or of any part of the income from said first share, but my trustee shall thereupon and thereafter, during her life, have full power and discretion to use and apply such part of the net income of said first share for the benefit of my said wife or may pay such part thereof at any time or from time to time to her or to any such guardian, conservator or other custodian of my wife's person or estate as he may deem in his sole discretion to be wise and proper, and shall accumulate, invest or reinvest any part of said net income not so paid or applied by him as aforesaid and shall have power to add the same to the principal of said first trust or thereafter to disburse it to or for the benefit of my said wife, whether or not previously so added to such principal. [22 T.C. at 403.]

In *Starrett*, the surviving spouse's power of appointment ceased upon disability. In that case, we held that this termination of the power upon the happening of an event made the power not exercisable in all events.

In this case, by contrast, the surviving spouse's power did not terminate upon disability, and the trustee's power merely added a power in a manner consistent with the regulations. Accordingly, we find that *Starrett* does not help respondent in this case. Contrast also *Estate of Werbe v. United States*, 273 F.2d 201 (7th Cir. 1959) (the explicit terms of an instrument restricted the surviving spouse's power to withdraw property, thus making the power not exercisable in all events).

Therefore, we conclude that petitioner's bequest satisfied the requirements of section 2056(b)(5). Accordingly, we hold that petitioner is entitled to the marital deduction it claimed on its estate tax return.

*Decision will be entered for the petitioner.*